FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 12 2019 ★

BROOKLYN OFFICE

RD 11/12/19
AM44.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE NORTHEAST
CARPENTERS HEALTH, PENSION,
ANNUITY, APPRENTICESHIP, and
LABOR MANAGEMENT
COOPERATION FUNDS,

                              Petitioners,

        - against -

DRYWALL & ACOUSTICS OF
NORTHEAST, INC.,

                              Respondent.
-----------------------------------------------------------x

**OPINION & ORDER**
19-cv-4600 (NG)(RML)

**GERSHON, United States District Judge:**

      Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("Petitioners" and/or the "Funds"), commenced this action pursuant to section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), and section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to confirm and enforce two arbitration awards entered in favor of petitioners against respondent Drywall & Acoustics of Northeast, Inc. Respondent has not appeared in this action. Before the court is petitioners' unopposed motion for summary judgment seeking confirmation of the arbitration awards, in the combined sum of $81,439.31, plus interest on the arbitrator's awards of attorney's fees. Petitioners further seek reasonable attorney's fees and costs for the bringing of this action. Respondent has failed to fully abide by the awards, the awards have not been vacated or modified, and no application for such relief is currently pending. For the reasons set forth below, the motion is granted in part and denied in part.

1

I.  **Background**

Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity, and Apprenticeship Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Funds (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under the LMRA. Respondent, a burglar alarm contracting business operating in the New York metropolitan area, is a member of the Association of Wall Ceiling & Carpentry Industries of New York, Inc. ("Association") and an employer within the meaning of ERISA and an employer in an industry affecting commerce within the meaning of the LMRA. As a member of the Association, respondent agreed to be bound by the July 1, 2016 through April 30, 2019 Southeast Region Agreement ("CBA") entered into between the Association and the New England Regional Council of Carpenters ("Union").

Pursuant to the CBA, respondent was required to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union. Also, pursuant to the CBA, "[f]ailure on part of the Employer to make the required contribution . . . shall make the Employer liable for all contributions due, all collection costs including auditing and attorney fees, 20% of total due each Fund as liquidated damages, plus interest." Moreover, respondent agreed in the CBA to comply with the Joint Policy for the Collection of Delinquent Contributions ("Collection Policy") prepared by the Trustees of the Funds. Pursuant to the Collection Policy, in the event an employer fails to submit reports and contributions to the Funds, the matter shall be sent to arbitration and the employer shall be liable for all costs incurred in collecting delinquent contributions.

2

A dispute arose when, in violation of the CBA, respondent failed to submit reports and contributions owed to the Funds for the period of September 4, 2018 through October 23, 2018. In accordance with the Collection Policy, petitioners initiated arbitration before the designated arbitrator, J.J. Pierson. On January 17, 2019, following a hearing, the arbitrator issued an award (the "January Award") finding respondent in violation of the CBA. The arbitrator awarded petitioners $57,952.67, consisting of delinquent contributions in the estimated amount of $46,481.88, interest thereon of $524.41, liquidated damages of $9,296.38, attorney's fees of $900.00, plus interest on the attorney's fees at the rate of 10% from the date of the January Award, and the arbitrator's fee of $750.00 pursuant to the CBA. Thereafter, respondent remitted the delinquent contributions amount, but failed to remit the remaining amounts of the January Award.

A further dispute arose between the parties when respondent failed to submit reports for the period of January 1, 2019 through March 31, 2019. In accordance with the Collection Policy, another arbitration before J.J. Pierson was initiated by petitioners. On May 1, 2019, following a second arbitration hearing, the arbitrator issued an award (the "May Award"), again finding respondent in violation of the CBA. The arbitrator awarded petitioners $555,005.88, consisting of delinquent contributions in the estimated amount of $485,037.36, interest thereon of $3,646.87, liquidated damages of $64,671.65, attorney's fees of $900.00, plus interest on the attorney's fees at the rate of 10% from the date of the May Award, and the arbitrator's fee of $750.00. As before, respondent remitted the delinquent contributions amount, but failed to remit the remaining amounts of the May Award. Respondent failed to appear at either arbitration hearing.

Petitioners now seek summary judgment: (1) confirming the arbitration awards; (2) awarding $11,470.79 pursuant to the January Award, which is the amount unpaid under the award, in addition to interest on the award of attorney's fees from the date of the January Award through

3

the date of judgment; (3) awarding the $69,968.52 pursuant to the May Award, which is the amount unpaid under the award, in addition to interest on the award of attorney's fees from the date of the May Award through the date of judgment; and (4) awarding $1,187.50 in attorney's fees and costs arising from the prosecution of this action.

## II. Standard

"Because '[a]rbitration awards are not self-enforcing,' they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (quoting *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 63 (2d Cir. 2003)). 29 U.S.C. § 185(a) confers jurisdiction on federal district courts to confirm and enforce labor arbitration agreements. *See Local 802, Associated Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).

In an unopposed summary judgment motion such as this, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

## III. Discussion

Petitioners have adequately demonstrated that respondent was bound by the CBA and Collection Policy, that the Funds complied with the Collection Policy, and that the dispute was submitted to arbitration with due notice to respondent. Pursuant to the Collection Policy, respondent agreed to submit to arbitration in the event of a dispute concerning its contribution obligations. In accordance with the Collection Policy, two arbitration hearings were held, and the

arbitrator rendered two awards. Based on the evidence presented to the arbitrator, the arbitrator determined that respondent failed to remit contributions to the Funds during two separate time periods. Petitioners timely applied to this court for confirmation of the awards and respondent, which was properly served, has failed to appear in this proceeding. Petitioners have thus established that there remains no genuine issue of material fact for trial.

The only question remaining, then, is whether petitioners have provided adequate support for the damages they seek. "It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). When an arbitrator's award provides the basis for a party's claim to damages, the Second Circuit has stated:

> [C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected. The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.

*D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citations omitted). Therefore, since nothing indicates that the award has been "vacated, modified, or corrected," *id.*, I need only confirm that the arbitrator had "some grounds on which to grant the damages spelled out in the Award." *Trs. of the Local 807 Labor Mgmt. Health Fund v. Express Haulage Co.*, 2008 WL 4693533, at *5 (E.D.N.Y. 2008).

The CBA in this matter provided employer liability for "all contributions due, all collection costs including auditing and attorney fees, 20% of total due each Fund as liquidated damages, plus interest." Nothing in the record indicates that the arbitrator lacked a basis to award petitioners the sums he did for interest on the estimated delinquent contributions, liquidated damages, or attorney's fees, or that he "otherwise acted arbitrarily, in excess of his power, or contrary to law."

5

*Trs. of N.Y. City Dist. Council of Carpenters Pension Fund v. Ferran Dev. Corp.*, 2013 WL 2350484, at *4 (S.D.N.Y. May 30, 2013), *report and recommendation adopted sub nom. Trs. of the N.Y. Council of Carpenters Pension Fund v. Ferran Dev. Corp.*, 2013 WL 12109396 (S.D.N.Y. June 24, 2013). Petitioners have thus established that they are entitled to summary judgment and the January and May Awards are therefore confirmed.

## III. Attorney's Fees

Petitioners also contend that they are entitled to attorney's fees and costs arising from the prosecution of this action. As stated above, the CBA and Collection Policy expressly state that an employer shall be liable for attorney's fees and costs in collecting delinquent contributions. Moreover, when a court is asked to confirm an arbitration award, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded," under the court's equitable powers. *International Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks and citations omitted); *Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Cooperation Funds v. CEI Contractors, Inc.*, 2019 WL 117603, at *4 (E.D.N.Y. Jan. 7, 2019). Since respondent has not appeared in this action or in the underlying arbitration proceedings, fees and costs are warranted.

Petitioners seeks to recover $475 in costs and $712.50 for attorney's fees for three hours of work on this matter. Petitioners' counsel requests a rate of $300 per hour for partners and $225 per hour for associate attorneys. Courts in the Second Circuit are to determine the "presumptively reasonable fee" for an attorney's services by considering what a reasonable client would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183–84 (2d Cir. 2008). That requires first determining what

the reasonable hourly rate is for the services that were performed. *Id.* Here, the attorneys' years of experience, the nature of the matter—a relatively simple petition to confirm an arbitration award—and the court's experience dealing with similar claims, guide the court's analysis. *See Trs. of the Local 807 Labor Mgmt. Health Fund*, 2008 WL 4693533, at *10.

I find that the hourly rates sought are reasonable. *See, e.g., Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ges Bake Shop, Inc.*, 2014 U.S. Dist. LEXIS 39143, at *26 (E.D.N.Y. Mar. 6, 2014) (finding an associate attorney rate of $275 per hour reasonable in an ERISA default judgment matter); *Gesualdi v. Giacomelli Tile Inc.*, 2010 WL 1049262, at *3 (E.D.N.Y. Mar. 18, 2010) (finding a partner rate of $200–$350 per hour reasonable in such a case). Further, I find that three hours was a reasonable amount of time to spend on this matter.

Finally, petitioners are entitled to costs, and they request to be reimbursed $475 for the filing and service fees. The party requesting reimbursement of its costs, however, must provide the court with adequate documentation "not only showing costs were incurred, but that they were paid." *Markey v. Lapolla Indus., Inc.*, 2017 WL 9512407, at *8 (E.D.N.Y. Aug. 24, 2017), *report and recommendation adopted*, 2017 WL 4271560 (E.D.N.Y. Sept. 26, 2017). Petitioners have submitted the total amount of their costs, but no documentation proving that they were paid. I therefore award petitioners only $400 for the court's filing fee, since the receipt is on the court's docket.

In sum, petitioners are awarded $1,112.50 in attorney's fees and costs.

## IV. Conclusion

Petitioners' unopposed motion for summary judgment confirming the first arbitration award in the amount of $11,470.79 and the second arbitration award in the amount of $69,968.52 is granted. Further, in accordance with the arbitrator's decision, petitioners are awarded interest at the rate of 10% for the arbitrator's award of attorney's fees of $900 from January 17, 2019

through today and for the arbitrator's award of attorney's fees of $900 from May 1, 2019 through today. Finally, petitioners are awarded attorney's fees and costs for the bringing of this action in the amount of $1,112.50. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED.**

_/s/ Nina Gershon_
**NINA GERSHON**
**United States District Judge**

Dated: November 12, 2019
      Brooklyn, New York